## William Sever *vs.* Charles T. Bickford & another.

The oath taken by a poor debtor arrested on execution may be shown by the testimony of the magistrate before whom it was taken to have been administered on a different day from the date of the certificate.

ACTION OF CONTRACT upon two recognizances, entered into by Bickford, a poor debtor arrested on execution, as principal, and by the other defendant as surety, before a master in chancery; one on the 5th of June 1857, for the debtor's appearance for examination before the master on the 9th of June at two o'clock in the afternoon; and the other on the 16th of June, for his appearance on that day at the same hour.

At the trial in the court of common pleas in Middlesex at December term 1858, it appeared that at the hour appointed on the 9th of June the case was continued by agreement of parties until the 16th of June, on which day, a little before two o'clock, the defendants appeared and entered into the second recognizance in suit, and remained at the master's office until two o'clock, and thereafter until three o'clock, when, no person having appeared in behalf of the plaintiff, the master examined Bickford, and administered the poor debtor's oath to him, and gave him a certificate thereof, dated June 17th 1857. The master was called as a witness by the defendant, and was permitted by *Sanger,* J., against the plaintiff's objection, to testify that from his recollection, independent of any memorandum, the oath was administered on the 16th of June, and the certificate was in fact delivered on that day, and was dated the 17th by mistake. A verdict was taken for the defendant, and the plaintiff alleged exceptions.

*J. Q. A. Griffin,* for the plaintiff.

*A. V. Lynde,* for the defendants.

DEWEY, J.   It is conceded by the plaintiff that there exists no legal claim in his behalf under the first recognizance.   As to that alleged to arise under the second recognizance, the court are of opinion there exists no better right to recover damages. This recognizance was fully discharged by the appearance of the debtor, and his taking the oath under the statute, on the 16th of June 1857.   It is no sufficient objection to this discharge, that the certificate was, by a clerical error, dated the 17th of June; it being proved by the master in chancery who administered the oath and made the certificate that the acts were in fact done on the 16th.                          *Exceptions overruled.*